UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KINSEY,<br>CDCR# P-04738,<br><br>         Plaintiff,<br><br>vs.<br><br>SUSAN PASHA, Nurse Practitioner; CDCR; HALL, ADA Coordinator; JOHN DOES 1-10,<br><br>         Defendants. | Case No.: 3:25-cv-1225-BEN-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [ECF No. 5]**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

  Plaintiff Charles Kinsey, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 arising from events that occurred during his confinement at RJD. (ECF No. 1.) Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint. Instead, he has filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 5.)

For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses his Complaint because it fails to state a claim upon which relief may be granted.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, all prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016), regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). A prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce*, 577 U.S. at 84.

Plaintiff's prison certificate shows he had an average monthly balance of $56.21 and average monthly deposits of $6.67 for the six months preceding the filing of this action,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

with an available balance of zero. (ECF No. 5 at 4.) Therefore, the Court **GRANTS** Plaintiff's motion to proceed IFP and assesses no initial partial filing fee because it appears Plaintiff may have no means with which to pay one. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") While the Court does not assess an initial partial filing fee, Plaintiff is required to pay the entirety of the $350 filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

## II.   Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b)

### A.   Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014), quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).")

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Also, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.** **Allegations in the Complaint**

Plaintiff claims he is visually impaired and was transferred to RJD in January 2020 while RJD was undergoing renovations to become compliant with the Americans with Disabilities Act ("ADA"). (ECF No. 1 at 3.) Plaintiff alleges Defendants knew a path to RJD's education facility was on "extreme uneven terrain" and people had previously fallen and "sustained serious injury." (*Id.*) Plaintiff alleges Defendants could have fixed the pavement, could have transferred him to a compliant facility or could have continued his use of a wheelchair, but chose none of those options. (*Id.*) Instead, Defendant Nurse

1 Practitioner Pasha discontinued his use of the wheelchair on January 18, 2023. (*Id.*)
2 Plaintiff alleges he told Pasha he could not see the cracks in the pavement, which increased
3 his risk of a fall, could not safely access education, and requested to see a doctor. (*Id.*) But
4 Pasha, who was not a doctor and "was unqualified to treat plaintiff," said: "Since you think
5 I am unqualified to treat you I will take the chair until the Doctor sees you." (*Id.*) Plaintiff
6 was instead provided with a walker, and when he asked what he should do to effectively
7 get to education, Pasha stated: "If you fall, put in a sick call slip, maybe you will see the
8 doctor." (*Id.* at 4.) Plaintiff further asserts Defendant ADA Coordinator Hall "personally
9 oversaw the lack of safe conditions," failed to act to prevent them, and "was under the
10 impression that getting to school without adequate accom[m]odations was '[his]
11 problem.'" (*Id.*)

12       Plaintiff also alleges that after his fall, he was provided with deficient treatment, in
13 part because the events in question took place during the Covid-19 pandemic, during which
14 there were CDCR policy restrictions on inmate movement to prevent spread. (*Id.* at 5.)
15 Plaintiff states that "[a]fter 3 days of suffering pain from the fall," he sought treatment and
16 admits Nurse Pasha "tried to treat [him]." (*Id.*) When Pasha responded to his cell, she
17 asked Plaintiff if he had Covid symptoms, and when Plaintiff asked to "be moved out of
18 other inmates earshot" instead of simply answering yes or no, Pasha "per department policy
19 walked away and treated the failure to answer as a refusal." (*Id.*)

20       Plaintiff now brings: (1) an Eighth Amendment claim alleging a failure to protect
21 him from harm; (2) an ADA claim; (3) an Eighth Amendment claim alleging denial of
22 medical care; and (4) a claim alleging a violation of the Health Insurance Portability and
23 Accountability Act ("HIPAA"). (*Id.* at 2–9.) He seeks $1,125,000 in general and punitive
24 damages and "[a]ll relief the court deem just and proper." (*Id.* at 8.)

25       **C.   Discussion**

26       As an initial matter, Plaintiff may not proceed against Defendant CDCR on his
27 Eighth Amendment claims because CDCR is not a "person" subject to suit under § 1983.
28 *See Devereaux*, 263 F.3d at 1074 (Title 42 U.S.C. § 1983 "creates a private right of action

against individuals who, acting under color of state law, violate federal constitutional or statutory rights."); *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute."), citing *Will*, 491 U.S. at 70.

Nor may Plaintiff proceed with a claim for damages against CDCR or any of the Defendants in their "official capacity" because such claims are barred under the Eleventh Amendment. Absent "a waiver by the state or a valid congressional override," *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999), "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Department of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman*, 191 F.3d at 1025–26; *see Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.") Accordingly, the Court dismisses CDCR as a Defendant as to Plaintiff's Eighth Amendment claims for damages and dismisses all Defendants to the extent Plaintiff seeks damages against them in their official capacities. The Court will proceed to consider Plaintiff's claims against the remaining named Defendants.

        1.    <u>Eighth Amendment- failure to protect</u>

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, "a prison official must have a 'sufficiently culpable state of mind,'" that is, "one of 'deliberate indifference' to inmate health or safety." *Id.,* quoting *Wilson*, 501 U.S. at 302–03. "[A] prison official cannot be found liable under the Eighth Amendment for

denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff alleges generally that Defendants Pasha and Hall failed to protect him from harm in violation of the Eighth Amendment. (ECF No. 1 at 3–4.) However, his allegations are insufficient to state an Eighth Amendment violation because he fails to plausibly allege the asserted deprivation was "objectively, 'sufficiently serious,'" or that either named Defendant had a "sufficiently culpable state of mind." *Id.* at 834, quoting *Wilson*, 501 U.S. at 298. With respect to Hall, Plaintiff only alleges Hall "personally oversaw the lack of safe conditions" and failed to act to prevent them. (*Id.* at 4.) As to Pasha, Plaintiff alleges only that she discontinued his use of a wheelchair and instead provided him with a walker. (*Id.* at 3–4.)

While Plaintiff plausibly alleges Hall and Pasha were aware of the condition of the walkway by way of Plaintiff's "progress notes" and from staff/teachers who notified them other individuals had fallen and sustained injury (*id.* at 3), and Defendants were generally aware the walkway needed repair, he does not plausibly allege any Defendant *actually* drew an inference that the condition of the walkway posed a substantial risk of *serious harm* to him. *See Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence" and "'more than ordinary lack of due care for the prisoner's interests or safety.'"), quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986) and citing *Estelle v. Gamble,* 429 U.S. 97, 104, 106 (1976). If Plaintiff wishes to proceed with this claim, he must set forth facts which plausibly allege that Defendants were aware of facts from which they could draw an inference that the substitution of a walker in place of a wheelchair presented a substantial risk of serious harm to Plaintiff *and* that they also drew that inference. *Id.* at 837; *see also Toguchi v. Chung,* 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.")

///

Additionally, in order to state a claim, Plaintiff must set forth facts demonstrating that he suffered a sufficiently grave physical injury due to a Defendant's deliberate indifference to the substantial or excessive risk of serious harm. *See Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (holding that the PLRA "requires a prior showing of physical injury that need not be significant but must be more than *de minimis*."); *see also Goode v. Canedo*, S.D. Cal. Case No. 21-cv-2054-GPC-KSC, 2022 WL 16753312, at *6 (S.D. Cal. Nov. 7, 2022) ("The threshold of physical injury necessary is not specified in the PLRA, but courts have interpreted this to require physical injury more than *de minimis*."), citing *Oliver*, 289 F.3d at 628 (9th Cir. 2002). Here, Plaintiff claims he fell, but he provides no details about the fall itself, nor does he specify any injuries suffered. (*See* ECF No. 1 at 5.)

Accordingly, Plaintiff's Eighth Amendment deliberate indifference claim against Pasha and Hall arising from an alleged failure to protect is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### 2.  ADA Claim

Plaintiff next asserts a violation of the ADA, naming Defendants Pasha, Hall, and the CDCR. (ECF No. 1 at 2-4.) First, Plaintiff may not pursue an ADA claim against either Defendants Hall or Pasha in their individual capacities. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [their] individual capacity to vindicate rights created by Title II of the ADA . . ."); *see also Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) ("The ADA applies only to public entities . . .") Therefore, the Court dismisses Pasha and Hall as Defendants with respect to the ADA claim.

Plaintiff may, however, pursue an ADA claim for damages against the CDCR. *See United States v. Georgia*, 546 U.S. 151, 154 (2006) ("Title II [of the ADA] authorizes suits by private citizens for money damages against public entities that violate § 12132.") (additional citations omitted). To state a claim under the ADA, however, Plaintiff must allege:

///

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of (his) disability.'

*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citations omitted).

Here, Plaintiff only generally alleges that "by accepting federal funds from the ADA program the state institution waived its 11th [A]mendment protection." (ECF No. 1 at 2.) Plaintiff's Complaint fails to state an ADA claim because he fails to plausibly allege that he was excluded from participation, denied any benefits, or was discriminated against by the CDCR, nor does he allege that any action by Defendant CDCR was taken by reason of his disability. *O'Guinn*, 502 F.3d at 1060.

Accordingly, Plaintiff's ADA claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### 3. <u>Eighth Amendment- denial of medical care</u>

Plaintiff next alleges Defendant Pasha denied him medical care in violation of the Eighth Amendment, but asserts only that "[a]fter my fall, the treatment provided was deficient." (ECF No. 1 at 5.) Plaintiff acknowledges that Defendant Pasha responded to his cell but treated his failure to answer whether he had Covid symptoms as a "refusal," and as a result, he did not receive treatment. (*Id.*)

The Eighth Amendment's prohibition against cruel and unusual punishment "establish[es] the government's obligation to provide medical care for those it is punishing by incarceration." *Gamble*, 429 U.S. at 102–03. "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014), quoting *Gamble*, 429 U.S. at 104. "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it

may be shown by the way in which prison physicians provide medical care.'" *Id.*, quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

Plaintiff's allegations are insufficient to state an Eighth Amendment claim because he first fails to plausibly allege Pasha was deliberately indifferent to his "'serious medical needs.'" *Colwell*, 763 F.3d at 1066, quoting *Gamble*, 429 U.S. at 104. Plaintiff alleges only that he "suffer[ed] pain from the fall" and was not provided with care when he sought treatment three days later. (ECF No. 1 at 5.) Yet critically, he does not explain the nature or extent of any injury sustained and does not specify what treatment was needed and not provided. Nor does Plaintiff allege the failure to provide treatment could have either "result[ed] in further significant injury" or in an "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) ("[T]he plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'") (citations and some internal quote marks omitted).

Plaintiff also fails to allege that Pasha's response, or more accurately her failure to respond to his pain, was deliberately indifferent in that it resulted in *actual* harm to Plaintiff. *See id.* (to state a claim of deliberate indifference, a plaintiff must show both "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.") Again, Plaintiff alleges he was in pain for three days, but he does not describe any "purposeful act or failure" by Pasha. Instead, he admits Pasha *did* respond to his cell to ask Plaintiff if he had Covid symptoms. He does not specify what, if any, harm resulted from Pasha's asserted failure to provide treatment for his unspecified pain.

Accordingly, Plaintiff's Eighth Amendment deliberate indifference claim against Pasha arising from an alleged denial of medical care is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

///

///

### 4. HIPAA

Plaintiff also alleges a denial of his HIPAA rights as a result of the CDCR's Covid policies. (*Id.* at 5.) However, the Complaint fails to state a claim against either Defendant Pasha or CDCR because "'HIPAA itself provides no private right of action.'" *Garmon v. County of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016), quoting *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007); *see also Adams v. Eureka Fire Protection District*, 352 Fed. Appx. 137, 139 (8th Cir. 2009) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action.")

Accordingly, Plaintiff's HIPAA claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

### 5. John Doe Defendants

Finally, Plaintiff includes John Does 1–10 as parties to his Complaint, but he does not identify a county of residence or title/position for any of these individuals or make any specific allegations involving any of these Defendants. (*See* ECF No. 1 at 2.)

While "the use of 'John Doe' to identify a defendant is not favored," *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), citing *Wiltsie v. California Department of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), the Ninth Circuit has also recognized that "situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint" and instructed that "[i]n such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642 (additional citations omitted).

Here, however, John Does 1–10 must be dismissed on "other grounds," *id.*, because Plaintiff does not make any specific factual allegations as to any claimed action or inaction by any of these individuals. (*See generally* ECF No. 1); *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are

alleged to have caused a constitutional deprivation.") Thus, because Plaintiff fails to allege any action or inaction by these Defendants relating to any of the asserted constitutional violations, the Does must be dismissed from this action.

### 6. Leave to Amend

Given Plaintiff's pro se status, the dismissal is with leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III. Conclusion and Order

Good cause appearing, the Court:

1) **GRANTS** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 5].

2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee assessed in monthly payments in an amount equal to twenty (20%) percent of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00 pursuant to 28 U.S.C. § 1915(b)(2).

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DISMISSES** Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim upon which relief may be granted and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's First Amended Complaint must be complete by itself without reference to any prior version of his pleading, and any defendants not named and any claims not re-alleged will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner*

*and Co. Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: 9/23/25

Honorable Roger T. Benitez
United States District Judge