UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KINSEY, CDCR# P-04738, <br><br>　　　　　　Plaintiff, <br><br>vs. <br><br>SUSAN PASHA, Nurse Practitioner; CDCR; HALL, ADA Coordinator; JOHN DOES 1-10, <br><br>　　　　　　Defendants. | Case No.: 3:25-cv-1225-BEN-DDL <br><br>**ORDER:** <br><br>**(1) CONSTRUING PLAINTIFF'S REQUEST FOR ORDER;** <br><br>**(2) DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF WITHOUT PREJUDICE AS MOOT;** <br><br>**(3) GRANTING MOTION TO AMEND AND/OR SUPPLEMENT COMPLAINT PURSUANT TO Fed. R. Civ. P. 15(a) & (d);** <br><br>**AND** <br><br>**(4) GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT** <br><br>[ECF No. 9] |

**I.   Procedural Background and Plaintiff's Request**

On May 12, 2025, Plaintiff Charles Kinsey, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se,

1

filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 arising from events that occurred during his confinement at RJD, specifically surrounding a fall and an alleged subsequent lack of medical care. (ECF No. 1.) After the Court dismissed the civil action on May 16, 2025, for failure to pay the required filing fee and/or properly move to proceed in forma pauperis ["IFP"] (ECF No. 4), Plaintiff filed a motion for leave to proceed IFP. (ECF No. 5.) On September 23, 2025, the Court granted Plaintiff's IFP motion, dismissed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim upon which relief may be granted, and granted Plaintiff 45 days leave from the date of the Court's order in which to file an Amended Complaint which cured the deficiencies of pleading noted. (ECF No. 7.) To date, Plaintiff has not yet filed an Amended Complaint. (*See generally* docket.)

On October 20, 2025, however, Plaintiff filed a "Requested Order to Stop Retaliation." (ECF No. 9 at 1–2.) While not entirely clear, Plaintiff appears to claim that since the filing of his original complaint, he has been transferred from his single-occupancy cell, has had liquid and food thrown at him by fellow inmates, has suffered a finger injury and stitches and has had his medical treatment disrupted. (*Id.*) Plaintiff further alleges he has been denied legal assistance, and another individual who previously assisted him has been harassed. (*Id.*) Finally, Plaintiff claims he is currently in Ad-Seg and does not have his legal documents. (*Id.*)

Upon review and given Plaintiff's pro se status, the Court liberally construes Plaintiff's "Requested Order to Stop Retaliation" [ECF No. 9] as both: (1) a motion for preliminary injunctive relief and (2) a motion to extend time in which to amend and/or supplement his complaint pursuant to Fed. R. Civ. P. 15(a) and (d). *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."), quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

For the reasons discussed below, the Court **DENIES** Plaintiff's motion for preliminary injunctive relief without prejudice as moot, **GRANTS** Plaintiff's motion to

amend and/or supplement pursuant to Fed. R. Civ. P. 15(a) and (d) and further **GRANTS** Plaintiff an extension of time to file a comprehensive Amended Complaint.

## II. Motion for Preliminary Injunctive Relief

To the extent Plaintiff moves for preliminary injunctive relief, and specifically an Order from the Court "to stop retaliation" (ECF No. 9 at 1), the Court DENIES his request because the Court dismissed Plaintiff's Complaint on September 23, 2025, and he has yet to amend it.

"A court's equitable power lies only over the merits of the case or controversy before it." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 633 (9th Cir. 2015). Thus, because there exists no pending operative pleading upon which the Court could base any request for preliminary injunctive relief, this request is moot. *See Aguilar v. Imperial County Board of Supervisors*, No. 3:25-cv-00538-RBM-DDL, 2025 WL 1456933, at *2 (S.D. Cal. May 21, 2025) (denying motions for preliminary injunctive relief as moot without prejudice where "Plaintiff now has 'no operative complaints on which to base (his) preliminary injunction motions.'"), quoting *Cupp v. Harris*, No. 2:16-cv-00523-TLN-KJN, 2018 WL 4904819, at *1, and citing *Malek v. Valentia Apartments, LLC*, No. 3:24-cv-2076-LL-BLM, 2025 WL 790961, at *1 (S.D. Cal. Mar. 12, 2025) (denying as moot both Plaintiff's motions for preliminary injunction and Defendant's motion to dismiss where both motions were "based on the now-inoperative complaint") (citations omitted).

## III. Motion to Extend Time to Amend and/or Supplement Complaint

To the extent Plaintiff seeks to amend and/or supplement his anticipated Amended Complaint to include supplemental claims of retaliation related to his original Complaint, the Court GRANTS this request and provides him an extension of time in which to submit one.

Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part, that a party may amend its pleading once at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). If amendment is not otherwise provided for, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* Rule

15(d) also provides for "Supplemental Pleadings" as follows: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d).

As discussed, Plaintiff has not yet filed an amended complaint, nor has any party yet been served. While Plaintiff does not require leave of court to amend pursuant to Fed. R. Civ. P. 15(a), leave is required to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1981) (citations omitted). The Court is also cognizant of "Rule 15's policy of favoring amendment" which is "applied even more liberally to pro se litigants." *Eldridge*, 832 F.2d at 1135–36 (noting "a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment.") (quote marks and citations omitted).

"The five factors commonly used to evaluate the propriety of a motion for leave to amend (and thus, a motion to supplement) are: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Lyon v. U.S. Immigration & Customs Enforcement*, 308 F.R.D. 203, 214 (N.D. Cal. 2015), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also State of California v. United States Department of Labor*, 155 F.Supp.3d 1089, 1099 (E.D. Cal. 2016) ("[F]ederal courts have concluded that '(t)he legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for granting or denying a motion under Rule 15(a).'") (citation omitted).

///

1    Here, Plaintiff seeks relief based on new facts arising from events he alleges took
2  place after the initiation of his case and in retaliation for filing his original Complaint,
3  which only involved a fall and an alleged subsequent lack of medical care. (*See* ECF No.
4  9; *see also* ECF No. 1.) Based on Plaintiff's request alone, which was filed well before the
5  deadline for amendment, the Court finds no evidence of undue delay, bad faith or dilatory
6  motive. Plaintiff has not yet amended his pleading, and a liberal reading of his request
7  does not suggest any intended supplemental retaliation claims would be futile. Nor does
8  the Court find undue prejudice to Defendants given the case is still in an early stage and no
9  responsive pleading has yet been ordered. Therefore, the Court finds each of the *Foman*
10 factors weigh in Plaintiff's favor.

11   Accordingly, the Court <u>GRANTS</u> Plaintiff's motion to amend and/or supplement
12 pursuant to Fed. R. Civ. P. 15 (a) and (d). The Court also <u>GRANTS</u> Plaintiff an extension
13 of time in which Plaintiff may file *one* comprehensive Amended Complaint which *both*:
14 (1) addresses the pleading deficiencies of the original Complaint as identified in the Court's
15 September 23, 2025, Order *and* (2) includes any supplemental retaliation claims Plaintiff
16 may seek to pursue related to his original pleading. However, Plaintiff is reminded that
17 this comprehensive Amended Complaint will also be subject to the same screening
18 pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) as was required for his original pleading.
19 *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28
20 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing
21 28 U.S.C. § 1915A(b)).

**IV.   Conclusion**

Good cause appearing, the Court:

(1)   **CONSTRUES** Plaintiff's "Requested Order to Stop Retaliation" [ECF No. 9] as both a motion for preliminary injunctive relief and as a motion to extend time in which to amend and/or supplement his complaint pursuant to Fed. R. Civ. P. 15(a) and (d);

(2)   **DENIES** Plaintiff's motion for preliminary injunctive relief [ECF No. 9] without prejudice as moot;

1    (3)    **GRANTS** Plaintiff's motion to amend and/or supplement his Amended Complaint pursuant to Fed. R. Civ. P. 15(a) and (d) [ECF No. 9]; and

(4)    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a comprehensive Amended Complaint which both: (1) cures the deficiencies of pleading noted in the Court's September 23, 2025, Order [ECF No. 5], and (2) includes any supplemental retaliation claims Plaintiff may seek to pursue related to his original pleading. Plaintiff is again reminded that his Amended Complaint must be complete by itself without reference to any prior version of his pleading, and any defendants not named and any claims not re-alleged will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co. Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: October 31, 2025

Honorable Roger T. Benitez
United States District Judge