**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CHARLES KINSEY,
CDCR# P-04738,

                                    Plaintiff,

          vs.

SUSAN PASHA, Nurse Practitioner,

                                    Defendant.

Case No.:  3:25-cv-1225-JES-DDL

**ORDER SCREENING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b) AND SETTING DEADLINE TO CHOOSE OPTION**

**I.      Procedural Background**

On May 12, 2025, Plaintiff Charles Kinsey, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 arising from events that occurred during his confinement at RJD, specifically surrounding a fall and an alleged subsequent lack of medical care. ECF No. 1. After the Court dismissed the civil action on May 16, 2025, for failure to pay the required filing fee and/or properly move to proceed in forma pauperis ("IFP"), Plaintiff filed a motion for leave to proceed IFP. ECF Nos. 4–5. On September 23, 2025, the Court granted Plaintiff's IFP motion, dismissed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim upon which relief may be granted, and granted Plaintiff 45 days leave to amend. ECF No. 7.

1

On October 20, 2025, prior to filing any Amended Complaint, Plaintiff filed a "Requested Order to Stop Retaliation." ECF No. 9 at 1–2. Upon review, the Court liberally construed Plaintiff's "Requested Order to Stop Retaliation" as both: (1) a motion for preliminary injunctive relief and (2) a motion to extend time in which to amend and/or supplement his complaint pursuant to Fed. R. Civ. P. 15(a) and (d). On October 31, 2025, the Court denied Plaintiff's motion for preliminary injunctive relief without prejudice as moot, granted him leave to amend and/or supplement pursuant to Fed. R. Civ. P. 15(a) and (d) and further granted him a 45-day extension of time in which to file a comprehensive Amended Complaint. ECF No. 10. On or about the same time, however, Plaintiff filed an Amended Complaint. *See* ECF No. 12. Subsequently, on November 19, 2025, Plaintiff filed a Second Amended Complaint ("SAC"), *see* ECF No. 13, presumedly in response to the Court's interim October 31, 2025, Order, which the Court now considers the operative pleading in this action. *See Hal Roach Studios, Inc. v. Richard Feiner and Co. Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.")

**II.    Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b)**

    **A.    <u>Standard of Review</u>**

Because Plaintiff is a prisoner proceeding IFP, his SAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014), quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Also, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.    Allegations in the SAC**

Plaintiff claims he is visually impaired and was transferred to RJD when RJD was undergoing renovations to become compliant with the Americans with Disabilities Act ("ADA"). ECF No. 13 at 3. Plaintiff alleges Defendant Pasha knew a path to RJD's education facility was "on extreme unev[e]n terrain" because Pasha "commented to a

25-cv-1225-JES-DDL

fellow nurse that the path was a fall waiting to happen." *Id.* Plaintiff also alleges Pasha previously responded to an incident where the injured person had used a walker and Pasha treated two prior "victims of the path" who had suffered "serious injury from falling" on that path. *Id.*

At some point Pasha asked Plaintiff whether he was experiencing Covid-19 symptoms in the presence of other inmates. *Id.* Plaintiff alleges that when he asked to move to a more private location, Pasha "refused and treated the refusal to a[]ns[w]er as a refusal of care." *Id.* Plaintiff claims that "in retaliation" for his request for privacy, Pasha discontinued his wheelchair accommodation. *Id.* Instead, Pasha provided Platiniff a walker with "small wheels that could get caught in the cracks" and told Plaintiff that "the walker was good enough." *Id.* When Plaintiff objected and told Pasha she was "unqu[a]lified" to take his wheelchair away, Pasha responded: "[S]ince you think I am unqualified to treat you I will take the chair until the doctor can see you." *Id.* When Plaintiff asked Pasha how he could get to education without the wheelchair, Pasha responded: "If you fall you can put in a sick call slip and maybe you will be[] seen." *Id.* at 3–4. Plaintiff alleges he "did in fact thereafter fall and broke [his] finger." *Id.* at 4. He claims Pasha was subsequently assigned to treat him, but she "i[m]properly set the finger" and as a result, Plaintiff "had to go to s[u]rg[e]ry." *Id.* Plaintiff contends his finger needed to be re-set, which caused him pain, and he still does not have proper range of motion in his finger. *Id.*

Construing Plaintiff's contentions against Defendant Pasha liberally, *see, e.g., Hebbe*, 627 F.3d at 342 & n.7, Plaintiff brings (1) an Eighth Amendment claim alleging a failure to protect him from harm; (2) a First Amendment claim alleging retaliation for exercising his right to private medical care; and (3) an Eighth Amendment claim alleging denial of medical care. *Id.* at 3–4. Plaintiff seeks an injunction preventing Defendant Pasha from interfering with the litigation of the instant case, an order "preclud[ing] [] interdepartm[ent]al transfer" and monetary damages. *Id.* at 8.

///

///

25-cv-1225-JES-DDL

### C.    **Discussion**

#### 1.    Eighth Amendment- failure to protect

As Plaintiff was instructed in the prior dismissal Order, *see* ECF No. 7 at 6–7, "a prison official violates the Eighth Amendment when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, "a prison official must have a 'sufficiently culpable state of mind,'" that is, "one of 'deliberate indifference' to inmate health or safety." *Id.,* quoting *Wilson*, 501 U.S. at 302–03. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In the SAC, Plaintiff again alleges, as he did in the prior Complaint, that Pasha was aware of the condition of the walkway and knew it needed repair because she commented to another nurse that the walkway was "a fall waiting to happen." *See* ECF No. 13 at 3. Plaintiff now also plausibly alleges Pasha *actually* drew an inference that the walkway posed a substantial risk of *serious harm* to him, as he alleges that Pasha previously responded to a fall incident on that path as well as treated two individuals who sustained "serious injury" from falls on the path. *Id.* Plaintiff also claims Pasha was aware, given Plaintiff's inquiry, that he used that path to get to education and would be using a walker to do so rather than a wheelchair, and further alleges Pasha told him: "If you fall you can put in a sick call slip and maybe you will be[] seen." *See id.* at 3–4; *see Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence" and "'more than ordinary lack of due care for the prisoner's interests or safety.'"), quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986) and citing *Estelle v. Gamble,* 429 U.S. 97, 104, 106 (1976).

///

25-cv-1225-JES-DDL

As the Court also instructed in the prior dismissal Order, *see* ECF No 7 at 8, in order to state a claim, Plaintiff must set forth facts demonstrating that he suffered a sufficiently grave physical injury due to a Defendant's deliberate indifference to the substantial or excessive risk of serious harm. *See Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (holding that the PLRA "requires a prior showing of physical injury that need not be significant but must be more than *de minimis*."); *see also Goode v. Canedo*, S.D. Cal. Case No. 21-cv-2054-GPC-KSC, 2022 WL 16753312, at *6 (S.D. Cal. Nov. 7, 2022) ("The threshold of physical injury necessary is not specified in the PLRA, but courts have interpreted this to require physical injury more than *de minimis*."), citing *Oliver*, 289 F.3d at 628 (9th Cir. 2002). In the SAC, Plaintiff now plausibly alleges to have broken a finger as a result of his fall. *See* ECF No. 13 at 4; *see Glosson v. Morales*, 469 F.Supp.2d 827, 834 (S.D. Cal. 2007) ("'A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, *etc.*, which lasts even up to two or three weeks.'"), quoting *Luong v. Hatt*, 979 F.Supp.481, 486 (N.D. Tex. 1997).

Based on these amended allegations, the Court now finds Plaintiff plausibly states an Eighth Amendment failure to protect claim against Defendant Pasha "sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm*, 680 F.3d at 1123. As set forth below, Plaintiff will be given the option to amend his Complaint to cure the pleading deficiencies of his dismissed claims or proceed only with the claim which survives screening. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### 2. First Amendment- retaliation

Plaintiff also alleges Defendant Pasha, in response to Plaintiff's exercise of his right to private medical care, retaliated against him by discontinuing his wheelchair accommodation. ECF No. 13 at 3.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (2005) (footnote omitted).

While Plaintiff alleges Defendant Pasha took some adverse action against him by discontinuing his wheelchair accommodation, he does not plausibly allege any of the other elements required to state a First Amendment retaliation claim. First, Plaintiff fails to claim Pasha's alleged retaliatory action was taken *because he exercised a constitutional right*. While Plaintiff claims Pasha retaliated against him for requesting privacy, that right to privacy is not "protected conduct." *See e.g. Valdez v. Marquez*, 2022 WL 184662, at *4 (S.D. Cal. Jan. 19, 2022) ("Prisoners have no right to privacy in their cell, and thus privacy while using the bathroom in one's cell is not 'protected conduct.'"), citing *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Second, Plaintiff offers no *facts* to plausibly connect the discontinuation of his wheelchair accommodation to his request for privacy as to his Covid-19 symptoms and instead offers only a conclusory assertion that Pasha's actions were taken because of his own conduct. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see e.g. Watison*, 668 F.3d at 116–17 (affirming dismissal of retaliation claim where prisoner failed to allege defendant's actions were "connected to [Plaintiff's] filing of the emergency grievance."); *see also Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) ("[A] plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision."), quoting *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Nor does Plaintiff claim Pasha's action chilled his exercise of First Amendment rights or allege such action did not advance a legitimate correctional goal. *Rhodes*, 408 F.3d at 567–68; *see also Ivey*, 673 F.2d at 268

25-cv-1225-JES-DDL

("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.") If Plaintiff wishes to proceed with a 42 U.S.C. § 1983 claim based on retaliation, he must set forth facts which plausibly allege a Defendant took an adverse action because of his protected conduct which chilled his exercise of his First Amendment rights and which did not reasonably advance a legitimate correctional goal. *Rhodes*, 408 F.3d at 567–68.

Accordingly, Plaintiff's First Amendment retaliation claim against Defendant Pasha is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. As set forth below, Plaintiff will be given the option to amend his Complaint to cure the pleading deficiencies of his dismissed claims or proceed only with the claim which survives screening. *See Rosati*, 791 F.3d at 1039.

### 3. Eighth Amendment- denial of medical care

Plaintiff also alleges Pasha denied him his right to medical care when she "failed to respond and i[m]properly set [his] finger." ECF No. 13 at 4.

As Plaintiff was instructed in the prior dismissal Order, *see* ECF No. 7 at 9–10, "[i]n order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014), quoting *Gamble*, 429 U.S. at 104. "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.*, quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

Plaintiff's allegations in the SAC are again insufficient to state an Eighth Amendment claim because he fails to plausibly allege Pasha was deliberately indifferent to his "'serious medical needs.'" *Id.*, quoting *Gamble*, 429 U.S. at 104. To show deliberate indifference, a plaintiff must allege both "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

///

8

Here, Plaintiff has plausibly alleged a "serious medical need" arising from his broken finger. *See e.g. Thompson v. Rodriguez*, 2023 WL 4414579, at \*4 (S.D. Cal. Jul. 7, 2023) (finding plaintiff's claim of a broken, swollen and bleeding finger with open fracture "sufficient to plausibly show his injury constituted a serious medical need."), citing *Iqbal*, 556 U.S. at 678 and *Atkins v. Brewer*, 2009 WL 29873, at \*4 (E.D. Cal. Jan. 5, 2009) ("Plaintiff's allegations that his finger was broken establishes that he had a serious medical need.") (additional citations omitted). However, Plaintiff does not plausibly allege Defendant Pasha showed deliberate indifference to that need. Plaintiff instead acknowledges Pasha "screen[ed] [him] for the broken finger" but claims she "i[m]properly set the finger" which resulted in a subsequent need for surgery to have the finger reset. ECF No. 13 at 4. Thus, Plaintiff alleges at most negligence or malpractice, neither of which states a claim for relief under the Eighth Amendment. *See e.g. Gamble*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.") (citations omitted).

If Plaintiff wishes to proceed with this Eighth Amendment deliberate indifference claim against Pasha, he must set forth factual allegations which plausibly suggest "a *purposeful* act or failure to respond" by Pasha in the face of Plaintiff's pain and must also allege "harm caused by the indifference." *Jett*, 439 F.3d at 1096 (emphasis added); *see also Gamble*, 429 U.S. at 106 ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."); *see e.g. Turner v. Barajas*, 2015 WL 74194, at \*4 (D. Ariz. Jan. 6, 2015)

25-cv-1225-JES-DDL

("Although Plaintiff claims Defendant[]'s treatment resulted in a break of Plaintiff's pinky finger, Plaintiff['s] facts suggest Defendant[]'s treatment, at worst, constitutes medical malpractice."); *see also Duncan v. Wang*, 2014 WL 109129, at *4 (E.D. Cal. Jan 9, 2014) (finding plaintiff failed to state cognizable deliberate indifference claim against a doctor who was "unable to reset the finger after three attempts" and "[t]here are no facts alleged to suggest the inability to re-set the finger was deliberate," and where failure to schedule follow up appointment "demonstrates negligence at best," noting two other doctors later followed up with Plaintiff).

Accordingly, Plaintiff's Eighth Amendment deliberate indifference claim against Pasha arising from an alleged denial of medical care is again dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. As set forth below, Plaintiff will be given the option to amend his Complaint to cure the pleading deficiencies of his dismissed claims or proceed only with the claim which survives screening. *See Rosati*, 791 F.3d at 1039.

### 4.    Plaintiff's Options

Because the Court has determined that Plaintiff's Eighth Amendment failure to protect claim against Defendant Pasha survives the *sua sponte* screening process but Plaintiff's remaining claims against Defendant Pasha do not, the Court gives Plaintiff the option to either (1) notify the Court of his intent to proceed only with the Eighth Amendment failure to protect claim against Defendant Pasha or (2) file a Third Amended Complaint that corrects all the deficiencies of pleading identified in this Order. Plaintiff must choose one of those two options within forty-five (45) days from the date this Order is filed. If Plaintiff notifies the Court that he wishes to proceed only with the claim which survived screening, the Court will issue an Order directing the Clerk to issue the summons as to Defendant Pasha and will direct the U.S. Marshal to effect service of the summons and Complaint on that Defendant, and all remaining claims will remain dismissed from this action.

///

25-cv-1225-JES-DDL

## II.    Conclusion and Order

Good cause appearing, the Court:

(1) **DISMISSES** all claims against Defendant Pasha in the SAC *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim upon which relief may be granted with the exception of the Eighth Amendment failure to protect claim against Defendant Pasha.

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) file a Notice of Intent to Proceed with his Eighth Amendment failure to protect claim against Defendant Pasha only; or (2) file a Third Amended Complaint correcting the deficiencies of pleading identified in this Order.

If Plaintiff chooses to proceed only with the claim which survived screening, the Court will issue an Order directing the Clerk to issue the summons as to Defendant Pasha and will direct the U.S. Marshal to effect service of the summons and Second Amended Complaint on that Defendant and all remaining claims against Defendant Pasha, the only named Defendant in the SAC, will remain dismissed. If Plaintiff chooses to file an amended pleading, his Third Amended Complaint must be complete by itself without reference to any prior version of his pleading, and any defendants not named and any claims not re-alleged will be considered waived. *See* S.D. Cal. CivLR 15.1; *see Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

**IT IS SO ORDERED**.

Dated: February 5, 2026

Honorable James E. Simmons Jr.
United States District Judge

11

25-cv-1225-JES-DDL