**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES KINSEY, CDCR# P-04738, Plaintiff, vs. SUSAN PASHA, Nurse Practitioner, Defendant. | Case No.: 3:25-cv-1225-JES-DDL **ORDER:** **(1) DISMISSING ALL CLAIMS AGAINST DEFENDANTS HALL, CDCR AND JOHN DOES 1-10** **AND** **(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SAC AND SUMMONS UPON DEFENDANT PASHA PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

**I.    Background**

On May 12, 2025, Plaintiff Charles Kinsey, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 arising from events that occurred during his confinement at RJD, naming as Defendants Nurse Pasha, ADA Coordinator Hall, the California Department of Corrections and Rehabilitation ("CDCR") and John Does 1-10. ECF No. 1. After the Court dismissed the civil action on May 16,

1

2025, for failure to pay the required filing fee and/or properly move to proceed in forma pauperis ("IFP"), Plaintiff filed a motion for leave to proceed IFP. ECF Nos. 4–5. On September 23, 2025, the Court granted Plaintiff's IFP motion, dismissed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim upon which relief may be granted, and granted Plaintiff 45 days leave to amend. ECF No. 7.

On October 20, 2025, prior to filing any Amended Complaint, Plaintiff filed a "Requested Order to Stop Retaliation," ECF No. 9 at 1–2, which the Court liberally construed as both a motion for preliminary injunctive relief and a motion to extend time in which to amend and/or supplement his complaint, and on October 31, 2025, the Court denied Plaintiff's motion for preliminary injunctive relief without prejudice as moot, granted him leave to amend and/or supplement pursuant to Fed. R. Civ. P. 15(a) and (d) and further granted him a 45-day extension of time in which to file a comprehensive Amended Complaint. ECF No. 10. On or about the same time, however, Plaintiff filed an Amended Complaint. *See* ECF No. 12. Then, on November 19, 2025, Plaintiff filed a Second Amended Complaint ("SAC"), *see* ECF No. 13, presumedly in response to the Court's interim October 31, 2025, Order, in which Plaintiff named as a Defendant Nurse Pasha alone.

On February 5, 2026, the Court dismissed all claims against Defendant Pasha pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim upon which relief may be granted except for the Eighth Amendment failure to protect claim against Defendant Pasha, and specifically found that "Plaintiff plausibly states an Eighth Amendment failure to protect claim against Defendant Pasha 'sufficient to meet the low threshold for proceeding past the screening stage.'" ECF No. 14 at 6, quoting *Wilhelm v. Rotman*, 680 F.3d at 1113, 1123 (9th Cir. 2012). The Court granted Plaintiff 45 days to either: (1) file a Third Amended Complaint correcting the deficiencies of pleading identified in the Court's screening order or (2) file a Notice of Intent to Proceed with his Eighth Amendment failure to protect claim against Defendant Pasha *only*. *Id.* at 11. The Court cautioned Plaintiff that if he chose to proceed only with the claim which survived

screening, the Court would authorize U.S. Marshal service upon Defendant Pasha, and that "all remaining claims will remain dismissed from this action." *Id.* at 10.

On February 12, 2026, Plaintiff filed a Notice of Intent to Proceed, stating: "The plaintiff Charles Kinsey comes before the court and hereby elects per the courts order to proceed on the failure to protect claim." ECF No. 16 at 1.

## II.    Conclusion and Orders

Good cause appearing, the Court:

(1)    **DISMISSES** all claims against Defendants Hall, CDCR and John Does 1-10 pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) and **DIRECTS** the Clerk of Court to terminate these Defendants as parties to this action.

(2)    **DIRECTS** the Clerk to issue a summons as to Plaintiff's Second Amended Complaint, ECF No. 13, for Defendant Pasha and forward it to Plaintiff along with a blank U.S. Marshal Form 285. The Clerk will provide Plaintiff with certified copies of the Second Amended Complaint and summons for use in serving Defendant. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

(3)    **ORDERS** the U.S. Marshal to serve a copy of the Second Amended Complaint and summons upon Defendant Pasha as directed by Plaintiff on the USM Form 285, and to file executed waivers of person service upon the Defendant with the Clerk of Court as soon as possible after their return. Should Defendant fail to return the U.S. Marshal's requests for waiver of personal service within 90 days, the U.S. Marshal must instead timely file the completed Form U.S. Marshal 285 Process Receipt and Returns with the Clerk of Court, include the date the summons, Complaint, and requests for waiver were mailed to Defendant, and indicate why service was not completed. All costs of service will be advanced by the United States; however, if any Defendant located within the United

25-cv-1225-JES-DDL

States fails without good cause to sign and return the waivers requested by the Marshal on Plaintiff's behalf, the Court will impose upon that Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3) & (d)(2)(A).

(4)    **ORDERS** Defendant, once served, to reply to Plaintiff's Second Amended Complaint and any subsequent pleading Plaintiff files in this matter in which Defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening defendants are required to respond).

(5)    **ORDERS** Plaintiff, after service has been completed by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document sought to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendant, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  February 27, 2026

Honorable James E. Simmons Jr.
United States District Judge

4

25-cv-1225-JES-DDL