UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHARLES KINSEY,
Plaintiff,

v.

SUSAN PASHA, Nurse Practitioner,
Defendant.

Case No.: 25-cv-1225-JES-DDL

**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This Report and Recommendation is submitted to United States District Judge James E. Simmons pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. For the reasons set forth below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [Dkt No. 20] be **GRANTED**, Plaintiff's Motion for Leave to Amend [Dkt. No. 23] be **DENIED AS MOOT**, Defendant's Motion to Strike [Dkt. No. 24] be **DENIED**, and Plaintiff's Motion for Equitable Tolling [Dkt. No. 25] be **DENIED AS MOOT**.

## I.

## BACKGROUND

### A. Procedural History

Plaintiff Charles Kinsey filed his original complaint on May 12, 2025. Dkt. No. 1. Plaintiff's claims arise out of the prison's revocation of his wheelchair, a fall on uneven pavement, and subsequent medical treatment. *Id.* He originally named as defendants Susan Pasha, a nurse practitioner at Donovan State Prison; Hall, an ADA Coordinator at

Donovan State Prison; CDCR; and 10 Doe defendants. Plaintiff asserted (1) an Eighth Amendment claim for failure to protect him from harm; (2) an ADA claim; (3) an Eighth Amendment claim for denial of medical care; and (4) a claim alleging a violation of HIPAA.

On September 23, 2025, the Honorable Roger T. Benitez, then the presiding district judge, granted Plaintiff's IFP motion but dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted and instructed Plaintiff to file an amended complaint. Dkt. No. 7.

On October 20, 2025, Plaintiff filed a "Requested Order to Stop Retaliation." Dkt. No. 9. On October 30, 2025, Plaintiff filed his first amended complaint. On October 31, 2025, Judge Benitez construed the "Requested Order to Stop Retaliation" as a motion for preliminary injunctive relief and a motion for an extension of time to amend the complaint. Dkt. No. 10. Judge Benitez granted an extension of time to amend, and Plaintiff filed the Second Amended Complaint on November 19, 2025. Dkt. No. 13.

Plaintiff's Second Amended Complaint, now the operative complaint, names only Susan Pasha as a defendant. Dkt. No. 13. On February 5, 2026, the Honorable James E. Simmons, now the presiding District Judge, screened Plaintiff's SAC. Dkt. No. 14. Judge Simmons found that Plaintiff brought three claims against Pasha: (1) an Eighth Amendment claim alleging a failure to protect him from harm, (2) a First Amendment claim alleging retaliation for exercising his right to private medical care, and (3) an Eighth Amendment claim alleging denial of medical care. *Id.* Judge Simmons found the Eighth Amendment failure to protect claim was sufficiently pled and dismissed the First Amendment claim and Eighth Amendment denial of medical care claim. *Id.* Judge Simmons gave Plaintiff the option to either proceed with only the Eighth Amendment failure to protect claim or file a Third Amended Complaint. *Id.* On February 12, 2026, Plaintiff filed a notice that he would proceed on the failure to protect claim only. Dkt. No. 16. On May 12, 2026, Defendant filed the pending Motion to Dismiss. Dkt. No. 20.

/ / /

**B. Allegations in the Second Amended Complaint**

The allegations in the Second Amended Complaint [Dkt. No. 13] are as follows:

Defendant is a nurse practitioner employed at Donovan state prison. *Id.* at 2. When Plaintiff was transferred to Donovan, the prison was undergoing renovations and was not yet ADA compliant. *Id.* at 3. In particular, the walkway to the education department was on extremely uneven terrain. *Id.* Defendant was aware of the state of the walkway, as she had responded to other injuries resulting from falls on the walkway, including one where the injured party was using a walker. *Id.* Defendant even stated to another nurse that the walkway was a “fall waiting to happen.” *Id.*

On an unspecified date, Defendant asked Plaintiff about any COVID-19 symptoms. *Id.* Plaintiff asked to move to a private location before answering, as he was around other inmates. *Id.* Defendant refused and treated Plaintiff’s request to move as a refusal of care. *Id.* In retaliation for this interaction, Defendant discontinued Plaintiff’s accommodation of using a wheelchair. *Id.* Instead, Defendant gave Plaintiff a walker, which had small wheels which could get caught in cracks. *Id.* Plaintiff told Defendant that she was unqualified to take his wheelchair, and Defendant said, “since you think I am unqualified to treat you I will take the chair until the doctor can see you.” *Id.* Plaintiff asked Defendant how he would get to education without the wheelchair. Defendant responded, “if you fall you can put in a sick call slip and maybe you will be seen.” *Id.*

Plaintiff “did in fact thereafter fall and broke the finger at issue in this case.” *Id.* at 4. Plaintiff cites the medical records attached to his SAC. The medical records document visits with Dr. Hofmeister on September 14, 2020, and September 18, 2020. Dkt. No. 13-1. The records detail a procedure performed by Dr. Hofmeister on September 18, 2020, on Plaintiff’s left long finger to treat pain “after jamming injury on April 10, 2020.” *Id.* at 1. Defendant “was assigned to screen plaintiff for the broken finger” and “improperly set the finger,” resulting in Plaintiff needing to undergo surgery to reset the finger. Dkt. No. 13 at 4.

/ / /

## II.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must "accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party," *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007), but need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pleadings drafted by pro se inmates such as Plaintiff are "held to less stringent standards than formal pleadings drafted by lawyers" and the Court must construe them "liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nevertheless, the complaint "must allege with at least some degree of particularity overt facts which defendant[s] engaged in to support plaintiff's claim," *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1196 (E.D. Cal. 2013), and the Court must not "supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

The Court may consider material which is properly submitted as part of the complaint, such as an attached exhibit or a document incorporated by reference into the complaint, without converting the motion to dismiss into a motion for summary judgment. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, the Court "may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California*

*Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Where a complaint does not survive a Rule 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modification "consistent with the challenged pleading...[will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655,658 (9th Cir. 1992) (internal citation omitted); *see Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). Before dismissing a pro se complaint the district court must provide a pro se litigant notice of the deficiencies within the complaint to ensure that the litigant uses the opportunity to amend effectively. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## III.

## DISCUSSION

### A. Defendant's Motion to Dismiss [Dkt. No. 20]

*1. The parties' arguments*

Defendant moves to dismiss Plaintiff's Eighth Amendment failure to protect claim as time barred. Dkt. No. 20. Defendant asserts that the fall giving rise to Plaintiff's claim occurred on April 10, 2020, and the statute of limitations for Plaintiff's claim is two years under California law, meaning the deadline for Plaintiff to bring his claim was April 10, 2022. *Id.* at 5. Defendant further argues that the complaint is untimely even if Plaintiff is entitled to an additional two years of tolling under Cal. Civ. Proc. Code § 352.1. *Id.*

Plaintiff responds that the fall did not occur on April 10, 2020. Dkt. No. 21 at 1. Rather, he asserts the fall took place sometime after his wheelchair was taken away by Defendant, which Plaintiff claims occurred on January 18, 2023.[1] *Id.* Plaintiff does not

[1] Plaintiff's original complaint contains this date, but his Second Amended Complaint does not. *See* Dkt. No. 1 at 3 ("On 1/18/23 plaintiff's wheelchair was taken by defendant S. Pasha."), *see also* Dkt. No. 12. The Court cannot consider any allegations aside from those in the SAC, as an amended complaint supersedes the original complaint and "renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

provide a specific date that the fall occurred, stating only that "the earliest that the cause of action in this case arose is 1/18/2023." *Id.* Plaintiff clarifies that he "did fall in 2020 but that fall was unrelated to the tort at issue in this case," and that the 2020 incident was mentioned because it is "relevant to this action because it shows that [his] medical history counseled against the defendant taking the wheelchair." *Id.*

*2. Legal standards*

The Court may grant a motion to dismiss based on the statute of limitations "[i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). However, "[a]s it is usually raised as an affirmative defense rather than in a motion to dismiss, the Court must be cautious in dismissing a complaint based upon the statute of limitations' expiration." *Paplekaj v. FCA US, LLC*, No. 24-CV-1717-MMA-VET, 2025 WL 863472, at *2 (S.D. Cal. Mar. 19, 2025). "If the statute of limitations question turns on factual issues that may be disputed, it should be addressed at a later stage." *Anthony v. Cnty. of San Diego*, No. 25-CV-00310-DMS-MMP, 2025 WL 4076514, at *6 (S.D. Cal. Oct. 8, 2025). Additionally, the motion should not be granted if the plaintiff could possibly prove the statute was tolled. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995).

"Section 1983 does not contain its own statute of limitations. Without a federal limitations period, the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state." *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999). Federal law determines when a civil rights claim accrues. *Id.* "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 991-92. The governing statute of limitations in California is two years. Cal. Civ. P. Code § 335.1.

*3. Plaintiff's Claim is Untimely*

The dispositive issue before the Court is when the injury giving rise to Plaintiff's claim occurred. Even drawing all inferences in Plaintiff's favor and reading the SAC with the leniency owed to pro se parties, the Court finds the only plausible interpretation is that

the alleged injury occurred on April 10, 2020. Plaintiff's SAC plainly alleges he sustained the injury giving rise to this lawsuit in 2020. Dkt. No. 13 at 1. Moreover, the SAC alleges that its Exhibit A, the medical documents related to the April 10, 2020 incident, contains "medical records that *explain the injury*" for "the finger *at issue in this case*." *Id*. at 4 (emphasis added). Plaintiff's argument that Exhibit A was provided merely as relevant medical history is unpersuasive and inconsistent with the language of the SAC. Medical records from 2020 could not possibly "explain the injury" if the injury had in fact occurred at some time in 2023, as Plaintiff argues.

Additionally, the substantive similarities between the 2020 medical record and the SAC support this conclusion. In the SAC, Plaintiff states that Defendant "improperly set the finger" and that Plaintiff's finger does not have a regular range of motion. Dkt. No. 13 at 4. The medical record states that "[u]nfortunately, [Plaintiff] was not placed into a stack splint but instead has a curved plastic immobilization to his finger" and that Plaintiff had a "lack of full ability to extend" his finger. Dkt. No. 13-1 at 1. Additionally, Plaintiff states that after his injury he had to undergo surgery, and the medical record describes a procedure performed on his finger. Dkt. No. 13 at 4, Dkt. No. 13-1 at 5.

The Court's Order screening the complaint concluded the same. To plead an Eighth Amendment claim, Plaintiff was required to "set forth facts demonstrating that he suffered a sufficiently grave physical injury due to Defendant's deliberate indifference to the substantial or excessive risk of harm." Dkt. No 14 at 6. Judge Simmons found that Plaintiff "plausibly alleges to have broken a finger as a result of his fall," citing the 2020 medical records. *Id.*

The only reasonable conclusion for the Court to draw based on the SAC is that Plaintiff's underlying injury occurred on April 10, 2020. Accordingly, the statute of limitations began running on April 10, 2020, and, absent tolling, would have expired on April 10, 2022, meaning Plaintiff's claim filed on May 12, 2025, is time-barred.

/ / /

/ / /

3. *<u>As Currently Pled Plaintiff Cannot Prove the Statute of Limitations was Tolled Until 2025</u>*

The Court must consider whether it is possible that Plaintiff could prove that the statute of limitations was tolled such that his claim is not untimely. "[W]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir.1993). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). Federal courts apply the forum state's laws regarding tolling, including equitable tolling, to § 1983 claims. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)

First, the Court examines statutory tolling. Under California law, if a plaintiff is "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, *not to exceed two years*." Cal. Civ. Proc. Code § 352.1 (emphasis added). Plaintiff has not argued that he is entitled to tolling under this provision, and even if he were, two years of tolling would not make his claim timely because he filed his complaint more than five years after his claim accrued. Accordingly, statutory tolling cannot establish the timeliness of his claim.

Second, the Court examines equitable tolling. "Equitable tolling is a judge-made doctrine which operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003). "[T]he effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded." *Id.* "A plaintiff seeking the benefit of equitable tolling must show three elements: timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the

plaintiff." *Long v. Forty Niners Football Co., LLC*, 33 Cal. App. 5th 550, 555 (2019).

Plaintiff did not raise equitable tolling in his complaint or in his response in opposition to Defendant's motion to dismiss. However, on July 22, 2026, after Defendant's motion to dismiss was fully briefed, Plaintiff filed a "Motion for Equitable Tolling," asking that the Court grant tolling from April 2021 to an unspecified date in 2024. Dkt. No. 25. In the motion, Plaintiff argues that three issues entitle him to tolling: loss of his legal documents; a lack of eyeglasses and hearing aids; and the COVID-19 lockdown's impact on his access to the prison law library. *Id.* Defendant responded, arguing that Plaintiff had access to both eyeglasses and the law library during this time. Dkt. No. 26. The Court does not consider either argument in deciding the motion to dismiss, as these assertions do not appear in the SAC, and the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994).

The issue before the Court "is whether the complaint, liberally construed in light of our notice pleading system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine." *Cervantes*, 5 F.3d at 1277. The Court finds that it does not. Plaintiff does not make allegations that could potentially satisfy any of California's three requirements for equitable tolling within his SAC. Plaintiff does not allege that his delay in filing arises out of any reasonable and good faith conduct, such as the pursuit of other legal remedies available to him or an obstacle to filing that is out of his control. Nor does the SAC provide any basis on which the Court could find that Defendant was made aware of Plaintiff's claims in a timely manner such that Defendant would not be prejudiced by tolling. Because of the lack of such allegations in Plaintiff's SAC, it is evident that "the assertions of the complaint… would not permit the plaintiff to prove that the statute was tolled." *Cervantes,* 5 F.3d at 1275. *See Wilson v. Hays*, No. 16-CV-01161-BAS(DHB), 2017 WL 1400049, at *4 (S.D. Cal. Apr. 19, 2017) (granting motion to dismiss based on statute of limitations where the plaintiff "does not adequately allege that the statute of limitations was tolled for her § 1983 claim"); *Anthony v. Cnty. of San Diego*, No. 25-CV-00310-DMS-MMP, 2025 WL 4076514, at *6 (S.D. Cal. Oct. 8, 2025) (granting motion to

dismiss where plaintiff's arguments that "statutes of limitations have been tolled…are not sufficiently pled in [the] complaint").

Because the untimeliness of Plaintiff's claim is apparent from the face of the SAC and Plaintiff does not allege facts that, if proven true, would entitle him to tolling that makes his claim timely, the Court **GRANTS** Defendant's motion to dismiss without prejudice. Plaintiff may attempt to plead tolling of the statute of limitations in a Third Amended Complaint.

**B. Plaintiff's Motion for Leave to Amend [Dkt. No. 23]**

On June 24, 2026, Plaintiff filed a Motion for Leave to Amend the Complaint. Dkt. No. 23. Plaintiff provides no argument in support of granting leave to amend, nor does he actually request leave to amend. Rather, Plaintiff informs the Court that "if the court is inclined to grant the motion to dismiss the plaintiff *will request* a chance to amend the pleading." *Id.* at 1 (emphasis added). Putting aside the motion's substantive deficiencies, because the Court is dismissing Plaintiff's SAC without prejudice, Plaintiff's motion is **DENIED AS MOOT**.

**C. Defendant's Motion to Strike [Dkt. No. 24]**

On June 30, 2026, Defendant filed a Motion to Strike Plaintiff's Motion for Leave to Amend, arguing that it should be construed as an impermissible surreply to Defendant's reply in support of her Motion to Dismiss. Dkt. No. 24. Considering that Plaintiff's motion is moot as discussed above, the Court **DENIES** Defendant's Motion to Strike. However, the Court reminds all parties that Local Rule 7.1 provides for the filing of a motion, an opposition, and a reply, and that surreplies are improper absent leave of Court. *See* S.D. Cal. Civ. L.R. 7.1.(e).

**C. Plaintiff's Motion for Equitable Tolling [Dkt. No. 25]**

As discussed above, on July 22, 2026, Plaintiff filed a Motion for Equitable Tolling. Because Plaintiff's SAC is dismissed, Plaintiff's Motion for Equitable Tolling is **DENIED AS MOOT**. As noted above, Plaintiff may attempt to allege facts demonstrating equitable tolling in a future amended complaint.

## IV.

## CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Judge issue an order:

(1) **GRANTING** Defendant's Motion to Dismiss [Dkt. No. 20] and dismissing Plaintiff's Second Amended Complaint without prejudice;

(2) **DENYING AS MOOT** Plaintiff's Motion for Leave to Amend [Dkt. No. 23];

(3) **DENYING** Defendant's Motion to Strike [Dkt. No. 24]; and

(4) **DENYING AS MOOT** Plaintiff's Motion for Equitable Tolling [Dkt. No. 25].

**IT IS HEREBY ORDERED** that any objections to this Report and Recommendation must be filed by not later than **October 23, 2026**. Any response to a party's objections must be filed by not later than **November 6, 2026**. Failure to timely file objections may waive the right to raise those objections on appeal. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated: September 29, 2026

Hon. David D. Leshner
United States Magistrate Judge